UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| GANNETT PRODUCTIONS, LLC d/b/a IRL PRODUCTIONS, | x : : : | |
| Plaintiff, | : : | Civil No.: |
| v. | : : | COMPLAINT |
| IRL MEDIA, LLC d/b/a IRL EXPERIENTIAL, | : : : | **JURY DEMAND** |
| Defendant. | : : x | |

The Plaintiff, Gannet Productions, LLC d/b/a IRL Productions ("IRL Productions"), through its undersigned counsel of record, Jayaram Law, Inc. for its Complaint against defendant IRL Media, LLC d/b/a IRL Experiential ("IRL Media"), alleges as follows:

## PARTIES

1. IRL Productions is a New York limited liability company with its principal place of business in Brooklyn, NY.

2. Defendant IRL Media is a Delaware limited liability company. Upon information and belief, its principal places of business are in New York and California.

3. Both the Plaintiff and the Defendant conduct their business in this State, as well as over the internet via their respective websites.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because the actions described in the Complaint arise

under the Lanham Act and present a federal question over which this Court has jurisdiction pursuant to § l338(a).

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because IRL Productions' state law claims are so related to federal claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction over the Defendants pursuant to N.Y. C.P.L.R. § 302(a) because the acts alleged herein form the basis for jurisdiction; specifically, the commission of the Defendants' tortious conduct as described herein in the State of New York and within this District.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**FACTS**

**I.     IRL Productions and the IRL Mark**

8. IRL Productions is a marketing and event-planning agency that creates brand exposure through strategic partnerships, creative digital integrations, cross-platform events, online content and product placement.

9. Since 2010, IRL Productions has been offering its marketing and event planning services to consumers nationwide and around the world, where it has produced many successful events, marketing campaigns and product promotions.

10. In the past eight (8) years in the industry, IRL Productions has worked with such companies as Vimeo, Lionsgate, Samsung, Oculus, OUYA, The Wall Street Journal, Propel Water, Nokia, Scotts Miracle-Gro, NVIDIA, Conduit, OpenSky, Kraft, SF Film Festival, Tribeca Film Festival, Haaretz, The Li.st, Marie Claire, Ralph Lauren, OMEGA, and IDG publications, among many others. For these companies, IRL

Productions has produced multi-day events, influencer dinners, conferences, and innovative consumer experiences to promote their brands and products.

11. IRL Productions began using the IRL trademark (the "IRL Mark") in connection with experiential marketing, digital integration, event design and direction, event production, brand strategy and concept development on June 2, 2010.

12. Upon information and belief, the defendant IRL Media is a marketing and event-planning agency which focuses on the production of events for its clients.

13. Upon information and belief, IRL Media did not enter the marketplace until sometime in early 2016, when it formed a limited liability company in Delaware.

## II. Creation of IRL Media

14. On or about April 28, 2017, IRL Productions submitted its U.S. Service Mark Application number 87/429,790 for trademark registration with the United States Patent and Trademark Office (the "USPTO") in class 035 (the "IRL Productions Mark Application").

15. IRL Productions is the senior user since it began using 'IRL' as a trademark in the event planning space at least six (6) years before IRL Media' alleged its first use in commerce.

16. In May of 2018, IRL Productions became aware of IRL Media. IRL Productions was shocked to learn that someone was using a nearly identical name to offer nearly identical services in the same channels of trade and industry verticals as IRL Productions.

17. On or about May 6, 2018 IRL Productions sent IRL Media a letter demanding they cease and desist their usage of a nearly identical mark. The letter was

addressed to the Defendant and placed the Defendant on notice that it was directly violating IRL Productions' exclusive right to use the IRL Mark.

18. Counsel for IRL Productions received no response to the cease and desist letter from IRL Media.

### FIRST CAUSE OF ACTION
### Violation of Lanham Act, 15 U.S.C. §1125(a): False Designation of Origin, False Description and False Representation Against IRL Media

19. IRL Productions repeats and re-alleges the allegations contained in paragraphs one (1) through eighteen (18) as though fully alleged herein

20. IRL Productions' exclusive rights in the IRL Mark are superior to any rights that IRL Media may claim in and to the IRL Media mark.

21. IRL Media's unauthorized use of a mark which is confusingly similar to the IRL Mark constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact suggesting that IRL Media's services originate with, are sponsored by, or are approved by IRL Productions, or that IRL Media and its services are affiliated with, connected to, or associated with IRL Productions.

22. IRL Media's unlawful conduct constitutes a violation of § 43(a) of the Lanham Act 15 U.S.C. § 1125(a).

23. As a result of IRL Media's unlawful and willful acts, IRL Productions has suffered, and continues to suffer, irreparable injury for which no adequate remedy at law exists.

### SECOND CAUSE OF ACTION
### Deceptive Acts and Practices Under New York State Law Against IRL Media

24. IRL Productions repeats and re-alleges the allegations contained in paragraphs one (1) through twenty-three (23) as though fully alleged herein.

25. RL Media's use of the IRL Mark was not authorized, approved by, and/or participated in by IRL Productions. Such lack of authorization, approval, and/or participation constitutes deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349 and will continue to do so unless the Defendants are enjoined.

26. Upon information and belief, the aforementioned actions and conduct of IRL Media and its officers have been committed willfully and knowingly.

27. As a result of IRL Media's unlawful and willful acts, IRL Productions has suffered, and continues to suffer, irreparable injury for which no adequate remedy at law exists.

## PRAYER FOR RELIEF

WHEREFORE, IRL Productions respectfully requests that this Court enter judgment in favor of IRL Productions and against IRL Media and enter an order:

(a) Declaring that IRL Media has infringed the IRL Mark in violation of IRL Productions' rights under federal, state, and common law;

(b) Declaring that IRL Media has unfairly competed with IRL Productions in violation of IRL Productions' rights under 15 U.S.C. § 1125(a), state law, and common law;

(c) Permanently enjoining IRL Media from:

  (i) using the IRL Mark, as well as any name or mark, or colorable imitation thereof, that is confusingly similar to the IRL Mark;

  (ii) continuing acts of false designation of origin or unfair trade practices that may cause IRL Media's services to be mistaken for, confused with, or passed off as, IRL Productions' services, including operating domain

      names and producing, selling, offering for sale, distributing, advertising, providing, or promoting any services not authorized by IRL Productions; and

    (iii) otherwise infringing the IRL Mark.

(d) Requiring IRL Media to deliver up for destruction all goods, signs, packaging, literature, advertising and other materials bearing the infringing IRL Mark, as well as any confusingly similar name or mark, or colorable imitation thereof, used by IRL Media;

(e) Requiring IRL Media to remove any confusingly similar or substantially similar name or mark to the IRL Mark from its website(s), HTML code, search engine query and keyword terms, any other electronic communications hosts, links and devices; as well as from all publically-facing documents, letterhead, and advertisements.

(f) Order IRL Media account to IRL Productions for any and all profits derived by the Defendant from the use of the IRL Mark or confusingly similar marks in any form or fashion;

(g) Ordering IRL Media to pay costs of this action, including attorneys' costs and fees, incurred by IRL Productions in connection with IRL Media's acts of false designation of origin, false description and false representation, infringement, unfair competition, and deceptive acts and practices, and all profits derived from IRL Media's use of the IRL Mark or confusingly similar marks;

(h) Directing IRL Media to file with this Court and to serve on IRL Productions within ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which IRL Media has complied with the injunction;

(i) Requiring IRL Media to withdraw any applications, assertions or claims to intellectual property protection of the IRL Mark with any state or federal agencies.

(j) Ordering IRL Media to pay to IRL Productions pre-judgment and post-judgment interest; and

(k) For any other relief this Court deems just and proper.

Dated: July 19, 2018

Respectfully Submitted,

Wendy Heilbut, Esq.
JAYARAM LAW
142 West 57th Street
11th Floor
New York, NY 10019
wendy@jayaramlaw.com
T: 646.596.1322
Counsel for IRL Productions